```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JUAN US,

                        Plaintiff,            MEMORANDUM & ORDER
                                              23-CV-00864(EK)(TAM)

          -against-

 KARCZMA INC. (DBA KARCZMA POLISH
 RESTAURANT), KARCZMA BROOKLYN, INC.,
 KARCZMA NY INC., et al.,

                        Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

On March 28, 2023, defendant Karczma Inc. served on plaintiff Juan Us an "offer of judgment" that Plaintiff accepted on March 30, 2023. Thirty days later, Plaintiff apprised the Court that "it is no longer clear weather [sic] Plaintiff is willing to accept" that offer. ECF No. 24. Defendants request that the Court now enter judgment on "the terms of the Rule 68 offer that Plaintiff accepted." ECF No. 25. Defendants' request is GRANTED.

Federal Rule of Civil Procedure 68(a) provides that a civil defendant

> may serve on an opposing party an offer to
> allow judgment on specified terms, with the
> costs then accrued. If, within 14 days
> after being served, the opposing party
> serves written notice accepting the offer,
> either party may then file the offer and

>notice of acceptance, plus proof of service.
>The clerk must then enter judgment.

Settlement agreements under Rule 68 "are contracts to be interpreted according to ordinary contract principles." *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 244 (2d Cir.), *cert. denied*, 142 S. Ct. 563 (2021). Notwithstanding the rule of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), however, "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019).

Defendant Karczma Inc.'s March 28 offer of judgment called for it to pay Plaintiff $16,501.00 "plus reasonable attorney's fees and costs to the date of this Offer of Judgment, such fees and costs to be determined by the Court if the parties do not agree on the amount." ECF No. 21 at 1.

Plaintiff accepted this offer, unconditionally and in writing, two days later. ECF No. 25-2. As contemplated explicitly by that offer, Plaintiff's March 30, 2023, correspondence also commenced negotiations over the "reasonable" amount of attorney's fees and costs. *Id.* Given that Karczma's offer contemplated further negotiations between the parties over the reasonable attorney's fees and costs, the commencement of those negotiations was consistent with the accepted agreement, and did not constitute a counteroffer vitiating acceptance. *See*

2

*Entin v. City of Bristol*, 368 F.2d 695, 699-700 (2d Cir. 1966) (where offer required offeree to determine purchase timeline, words, "[a]s soon as this agency is in receipt of federal funds we shall proceed to purchase the property," did not turn acceptance into counteroffer); *accord* 28 Glen Banks, New York Contract Law § 2:23, at 77 (2d ed. 2017) ("An acceptance that is otherwise unconditional may not be deemed a rejection merely because it is accompanied by a direction or request that looks to carry out the contract's provisions and does not limit or restrict the contract.").

Plaintiff filed a notice of acceptance, with a certificate of service, on the Court's docket on April 20, 2023. That notice mirrored the Defendant's Rule 68 offer: "Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff in the amount of $16,501 for Plaintiff's damages plus reasonable attorney's fees and costs to the date of the Offer of Judgment, such fees and costs to be determined by the Court if the parties do not agree on the amount." ECF No. 21-1 ¶ 8. This filing satisfied Rule 68 and required the clerk of this Court to enter judgment ratifying an accepted Rule 68 offer of settlement.[1]

---

[1] Plaintiff also appended to his April 20, 2023, filing a proposed order purporting to bind additional defendants who had not offered to settle. ECF No. 21-2.  I decline to enter that proposed order.

Thus, in accordance with the Rule 68 offer that Plaintiff accepted, the Clerk of the Court is directed to enter judgment against Karczma Inc. in the amount of $16,501.00 plus attorneys' fees and costs.  As the settlement offer contemplated, the parties are directed to "agree on the amount" of attorneys' fees and costs by June 22 (following which, if the parties have not agreed, the Court will refer the issue of fees and costs to the Hon. Taryn A. Merkl for decision).

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 23, 2023
           Brooklyn, New York